UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

AUSTIN MILLER, # 896071,            )
                                    )
            Plaintiff,              )
                                    )   Case No. 1:17-cv-1120
v.                                  )
                                    )   Honorable Paul L. Maloney
UNKNOWN KORSON, R.N., et al.,       )
                                    )
            Defendants.             )
_____)

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. This lawsuit arises out of conditions of plaintiff's confinement at the Earnest C. Brooks Correctional Facility.  Plaintiff named Unknown Korson, R.N. and Corizon Health (Corizon) as defendants.  Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs in violation of his Eighth Amendment rights.

The matter is before the Court on Corizon's motion for summary judgment. (ECF No. 14).  Plaintiff did not file a response.  For the reasons set forth herein, I recommend that all plaintiff's claims against Nurse Korson be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure.  I recommend that the Court grant Corizon's motion for summary judgment and enter a judgment in its favor on all plaintiff's claims.

## **Summary Judgment Standard**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party

may not rest on the mere allegations of his pleadings. *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001, 2017 WL 384874, at *4 (6th Cir. Jan. 27, 2017). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

## Proposed Findings of Fact

On June 30, 2017, plaintiff sent a medical kite stating that his left arm was swollen and that it had bumps on it. (ECF No. 14-1, PageID.84). On July 1, 2017, a nurse examined him. Plaintiff's left wrist appeared to be infected from a tattoo that he had received a few days earlier. The nurse contacted a physician's assistant for same-day treatment. (*Id.* at PageID.85-86). The physician's assistant used a needle to remove a foreign object from plaintiff's left wrist. Medical care providers applied antibiotic ointment and a Band-Aid. In addition, plaintiff received instructions regarding post-procedure care, additional medical supplies, and prescription medication. The physician's assistant ordered lab tests to determine whether plaintiff had contracted Hepatitis or HIV. Plaintiff was scheduled for a follow-up examination in ten days. (*Id.* at PageID.87-89).

On July 2, 2017, plaintiff appeared for an unscheduled medical visit. Barbara A. Korson, R.N., examined plaintiff. She noted that plaintiff's left arm appeared red and swollen and the rash radiated to his left armpit. Nurse Korson contacted a physician's assistant who gave orders to send plaintiff to a local hospital emergency room. (*Id.* at PageID.90-94). Later that day, plaintiff received treatment at the hospital. A physician applied a local anesthetic and drained the abscess. Hospital care providers dressed the affected area and plaintiff was discharged. (*Id.* at PageID.95-102).

On July 3, 2017, plaintiff received a post-emergency room follow-up examination. He related to the nurse that his wound was "looking better and [was] less painful." (*Id.* at PageID.103). The nurse scheduled plaintiff for a dressing change on July 4, 2017, and referred him to the medical provider. (*Id.* at PageID.103). Later that day, plaintiff complained of a loose bandage. A nurse cleaned the wound and covered it with a new dressing. (*Id.* at PageID.104-07).

On July 5, 2017, plaintiff was examined by Richard Worel, M.D. Dr. Worel noted that plaintiff's condition was improving and ordered wound care for plaintiff three times per week as needed. (*Id.* at PageID.108-09). On July 7, 2017, Dr. Worel reviewed plaintiff's chart and reordered Bactrim topical ointment as needed. (*Id.* at PageID.110).

On July 14, 2017, a nurse examined plaintiff's left forearm and found no sign or symptoms of an infection. The nurse discharged all other follow up appointments. (*Id.* at PageID.119).

On August 7, 2017, plaintiff sent a kite complaining of numbness in his left hand. A nurse examined him the next day. Plaintiff reported tingling in his left hand, mostly in his fourth and fifth fingers, that would sometimes go up to his elbow. Plaintiff related that he was lifting weights. The nurse advised him to avoid lifting weights, use over-the-counter Tylenol or ibuprofen for discomfort, and use a cold or warm compress as needed. (ECF No. 14-1, PageID.121-22). Plaintiff reported similar symptoms during subsequent examinations, and he was scheduled for an appointment with a physician. (*Id.* at PageID.124-30).

On October 28, 2017, Peter Sices, M.D., examined plaintiff and gave a differential diagnosis of cervical radiculopathy or ulnar neuropathy. (*Id.* at PageID.131-32). Dr. Sices described this as a benign condition. He instructed plaintiff to pay close attention to his posture and sleeping position. He prescribed Prednisone. (*Id.* at PageID.132-33).

Plaintiff sent kites to health care in late 2017 and early 2018, regarding a follow-up appointment with Dr. Sices. Plaintiff was advised by nurses that he did not have a scheduled follow-up appointment. His condition was benign. (*Id.* at PageID.134-39).

On February 15, 2018, plaintiff reported to a nurse that he was experiencing "tingling from the tip [of his left] pinky, ring finger, and half way up his middle finger to just below his elbow ulnar aspect of forearm." (*Id.* at PageID.140-41). The nurse referred plaintiff to Daniel Spitters, M.D. Dr. Spitters found that the site of plaintiff's former left arm infection was "well healed." (*Id.* at PageID.142). His condition was

benign. He advised plaintiff that "store NSAIDs" were an option to address his discomfort. (*Id.* at PageID.143).

On December 18, 2017, plaintiff filed this lawsuit. (ECF No. 1). On January 8, 2018, plaintiff filed his First Amended Complaint. (ECF No. 4).

## Discussion

### I. Nurse Korson

Rule 4(m) of the Federal Rules of Civil Procedure states: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). Plaintiff filed his First Amended Complaint on January 8, 2018. (ECF No. 4). More than ninety days have passed, and Nurse Unknown Korson has not been served with process or otherwise appeared in this lawsuit.

I recommend that all plaintiff's claims against unserved defendant Korson be dismissed under Rule 4(m) for failure to achieve service of process. This report and recommendation serves as plaintiff's notice of impending dismissal. *See Bridgeport Music, Inc. v. Rhyme Syndicate Music*, 376 F.3d 615, 623 (6th Cir. 2004); *accord Reynosa v. Schultz*, 282 F. App'x 386, 393-94 (6th Cir. 2008).

### II. Corizon

Corizon is a private corporation. *See Perry v. Corizon Health, Inc.*, No. 17-2489, 2018 WL 3006334, at *1 (6th Cir. June 8, 2018). A private corporation cannot be held liable under Section 1983 on the basis of *respondeat superior* or vicarious liability.

*See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996).  Rather, the plaintiff must establish a policy or custom that caused the constitutional violation. *Ford v. County of Grand Traverse*, 535 F.3d 483, 495 (6th Cir. 2008).  Plaintiff was required to prove both that his constitutional rights were violated[1] and that a Corizon policy or custom was the "moving force" behind the deprivation of the plaintiff's rights.  *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 453 (6th Cir. 2014).

Plaintiff has not presented any evidence or argument in support of his Eighth Amendment claim against Corizon.  I find that Corizon is entitled to judgment in its favor as a matter of law.

## Recommended Disposition

For the reasons set forth herein, I recommend that all plaintiff's claims against Nurse Korson be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure. I recommend that the Court grant Corizon's motion for summary judgment (ECF No. 14) and enter a judgment in its favor on all plaintiff's claims.


Dated:   December 5, 2018               /s/  Phillip J. Green
                                        PHILLIP J. GREEN
                                        United States Magistrate Judge


## NOTICE TO PARTIES

---

[1] "An inmate's disagreement with the testing and treatment he has received does not rise to the level of an Eighth Amendment violation.  Nor does a desire for additional or different treatment suffice to support an Eighth Amendment claim." *Rhinehart v. Scutt*, 894 F.3d 721, 740 (6th Cir. 2018) (citations and quotations omitted).

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).