UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUSTIN MILLER,                          )
     PLAINTIFF,                    )
                                   )          NO. 1:17-CV-1120
-V-                                     )
                                   )          HONORABLE PAUL L. MALONEY
UNKNOWN KORSON R.N., ET AL.,            )
     DEFENDANTS.                   )
                                   )

## ORDER

On December 5, 2018, U.S. Magistrate Judge Phillip Green issued a Report and Recommendation recommending that the Court (1) dismiss without prejudice Plaintiff Austin Miller's claims against Unknown Korson for failure to achieve service serve and (2) grant Defendant Corizon Health's motion for summary judgment on all other claims. The matter is now before the Court on Plaintiff's objections to the R & R.

## I.

The Court is required to make a de novo determination of those portions of the R & R to which specific objections have been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

## II.

The Court will first briefly take up Plaintiff's objections relating to Corizon. The magistrate judge recommended granting Corizon's motion for summary judgment—to which Plaintiff filed no response—because Corizon is a private corporation that cannot be held liable under Section 1983 on the basis of respondeat superior. (*See* ECF No. 22 at PageID.167-68.) In his objections, Plaintiff challenges various aspects of the factual circumstances giving rise to his Eighth Amendment claim, but he fails to address the magistrate's conclusion that Corizon could not be held liable for the actions of its employees under § 1983, and that Plaintiff had not pleaded facts for a *Monell* claim. Thus, Plaintiff has not offered any argument that the magistrate judge erred by recommending the Court grant Corizon's motion for summary judgment. Plaintiff's factual objections to the R & R are **OVERRULED.**

## III.

The bulk of Plaintiff's objections relate to the magistrate judge's recommendation that Plaintiff's claims as to Unknown Korson be dismissed pursuant to Federal Rule of Civil Procedure 4(m). The magistrate judge reasoned that because Plaintiff filed his First Amended Complaint on January 8, 2018 and had never achieved service on Unknown Korson, dismissal was appropriate.

Rule 4(m) provides that "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, a plaintiff may avoid immediate

dismissal by showing good cause, for which the Court should then extend the time to serve by an appropriate period. *Id.*

Plaintiff has now sought to show good cause. He faults the U.S. Marshals for failing to achieve service on Unknown Korson, and the Court for not filing a sua sponte order directing Corizon to furnish Unknown Korson's information.[1]

"[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint . . . under 28 U.S.C. § 1915(c) and Rule 4 of the Federal Rules of Civil Procedure." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir.1990). However, the prisoner is required to act with diligence and provide the Marshal with sufficient information to serve the defendant. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994); *accord Dunham-Bey v. Wemple*, No. 1:09-cv-191 (W.D. Mich. Mar. 29, 2010) (dismissing without prejudice claims of plaintiff proceeding *in forma pauperis* against Doe Defendants because Plaintiff had not diligently sought to identify or effect service).

Here, Plaintiff did not provide the Marshal sufficient information to achieve service. (*See* ECF No. 8 (waiver of service for Unknown Korson returned unexecuted by Corizon); ECF No. 11 (summons returned unexecuted by Marshal with notation "Do not have individuals full name. Corizon states that they have no record of an "Unknown Korson.").) Accordingly, the Court finds that Plaintiff has not demonstrated good cause to extend the time for service—more than one year after his First Amended Complaint was filed.

---

[1] Miller has filed no motion himself relating to identifying Unknown Korson or seeking the Court's assistance in doing so.

## IV.

Finally, Plaintiff seeks in the alternative to dismissal that he be granted leave to file a Second Amended Complaint. The Court does not find that justice requires granting leave for Plaintiff to file a Second Amended Complaint as Plaintiff does not address what deficiencies he plans to correct, other than to suggest that he be given an opportunity to file a "second, more meaningful complaint."

## V.

For the forgoing reasons, it is **ORDERED** that:

Defendant Corizon Health Incorporated's motion for summary judgment is **GRANTED** and Plaintiff's claims as to Corizon are **DISMISSED WITH PREJUDICE.**

Plaintiff's claims as to Unknown Korson are **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m).

Plaintiff's objections to the R & R are **OVERRULED** and his motion for leave to file a second amended complaint is **DENIED.**

**JUDGMENT TO FOLLOW.**

**Date:**  January 15, 2019                                    /s/ Paul L. Maloney
                                                              Paul L. Maloney
                                                              United States District Judge